DAVID W. MÁRQUEZ
ATTORNEY GENERAL
Brenda B. Page
Assistant Attorney General
Office of the Attorney General
1031 W 4th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-6612
Fax: (907) 258-4978
Brenda_Page@law.state.ak.us

Attorney for The Honorable Winston S. Burbank

**FILED**
DEC 14 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ALBERT SEVY,                            )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )
UNIVERSAL BANK NA, ALASKA LAW           )
OFFICES, STEVEN L. JONES,               )
WINSTON S. BURBANK,                     )
                                        )
            Defendants.                 )
                                        )  Civil No. F05-0008 CIV (RRB)
_____)

**OPPOSITION TO "PLAINTIFF'S MOTION
FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW"**

Defendant, the Honorable Winston S. Burbank ("Judge Burbank"), by and through the Office of the Attorney General, files this opposition to "Plaintiff's Motion for Findings of Fact and Conclusions of Law," which the Court is treating as a motion for reconsideration. Judge Burbank requests that the Court deny the motion because it fails to raise any arguments that would warrant reconsideration of the Court's dismissal of this matter.

## I. BRIEF PROCEDURAL BACKGROUND

On February 4, 2005, Plaintiff Albert Sevy ("Mr. Sevy") filed a complaint with this Court against Defendants, Universal Bank NA, Alaska Law Offices, Inc., Steven L. Jones, and Judge Burbank. In his pleadings, Mr. Sevy made allegations against Judge Burbank arising from a State court lawsuit in which Judge Burbank, in his official capacity as a judge, entered summary judgment adverse to Mr. Sevy.

Judge Burbank timely filed a motion to dismiss on the grounds that: (1) the doctrine of judicial immunity barred this action against Judge Burbank; (2) Mr. Sevy failed to meet the pleading requirements of the Federal Rules of Civil Procedure; and (3) the complaint failed to state a claim against Judge Burbank under the RICO Act. Defendants Alaska Law Offices, Inc. and Steven L. Jones also timely filed a motion to dismiss based on lack of subject matter jurisdiction under the *Rooker-Feldman* Doctrine and failure to state a claim upon which relief may be granted.[1] Mr. Sevy filed briefs in opposition to each of the motions to dismiss and Defendants filed reply briefs. Thus, the motions to dismiss were fully briefed.[2]

This Court issued an Order Granting Defendants' Motion to Dismiss on October 24, 2005, holding that: (1) Mr. Sevy's complaint failed to comply with the pleading requirements of Fed. R. Civ. P. 8(a)(2); (2) the Court lacked subject matter jurisdiction under the *Rooker-Feldman* Doctrine; (3) the allegations in the complaint failed to make

---

[1] "The *Rooker-Feldman* doctrine bars a party losing in state court...from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

[2] As the Court noted in its Order on December 5, 2005, one Defendant in the lawsuit, Universal Bank NA, has yet to be properly served.

Opposition to Plaintiff's Motion  2
*Albert Sevy v. Universal Bank NA, Alaska Law Offices,*
*Steven L. Jones, Winston S. Burbank,* F05-0008 CIV (RRB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

out a RICO claim or state a claim for which relief can be granted; and (4) Judge Burbank is absolutely immune. Mr. Sevy filed a motion for findings of fact and conclusions of law on November 3, 2005.[3] This Court issued an Order on December 5, 2005, indicating that it will treat the motion as a motion for reconsideration.

## II. RELEVANT POINTS AND AUTHORITIES

### A. Mr. Sevy Failed To Meet The Requirements For Reconsideration

Mr. Sevy's motion does not present any valid basis for reconsideration of the Court's decision. The Court dismissed this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Reconsideration of such a dismissal is appropriate only if there are valid grounds under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *School Dist. No. IJ, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Under Rule 59(e), reconsideration is appropriate if:

> the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

*Multnomah County*, 5 F.3d at 1263. Moreover, a motion for reconsideration is properly denied if it merely presents arguments that already have been considered and rejected. *Fuller*, 950 F.2d at 1442; *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Similarly, Rule 60(b) provides for reconsideration:

> *only* upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5)

---

[3] Findings of fact and conclusions of law "are unnecessary on decisions of motions under Rule 12 or 56 ..." Fed. R. Civ. P. 52(a). The Local Rules provide that, "[u]nless directed by the court, proposed findings of fact and conclusions of law are not to be submitted." D. Ak. Loc. R. 52.1(a).

Opposition to Plaintiff's Motion                                                                                 3
*Albert Sevy v. Universal Bank NA, Alaska Law Offices,*
*Steven L. Jones, Winston S. Burbank*, F05-0008 CIV (RRB)

a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.

*Multnomah County*, 5 F.3d at 1263 (quoting *Fuller*, 950 F.2d at 1442)(emphasis added).

In this case, Mr. Sevy's motion does not satisfy any of these grounds for relief. He has not produced newly discovered evidence, identified any change in the law or shown any other basis that would justify relief.

### B. The Court Should Deny Mr. Sevy's Motion For Reconsideration

None of the points raised by Mr. Sevy in support of his motion come close to warranting reconsideration of this Court's dismissal. Mr. Sevy first requests the Court to identify fact witnesses and testimony in this lawsuit. To the extent Mr. Sevy is arguing that a matter cannot be dismissed without witnesses or testimony, he misconstrues the nature of a Rule 12(b)(6) dismissal. Because the Court dismissed this matter pursuant to a motion for judgment on the pleadings, witnesses and testimony were not necessary. In addition, Mr. Sevy asks the Court to cite from the record "what evidence was reliable to determine that Winston S. Burbank is a judge." Judge Burbank's position as a District Court Judge for the State of Alaska, however, has never been at issue in this matter. Moreover, the certified copy of the Summary Judgment Order issued by Judge Burbank in the underlying State court action provides such evidence. (*See* Exhibit 1 to Reply Brief of Defendants Alaska Law Offices and Steven L. Jones).

The other issues raised by Mr. Sevy were previously raised, considered, and rejected. Mr. Sevy appears to argue, as he did in his previous filings, that the doctrine of judicial immunity and the *Rooker-Feldman* doctrine should not apply to this matter based on his conclusory allegations of "fraud." Mr. Sevy also apparently argues that the

court has a non-discretionary duty to conduct a jury trial "where the court is on notice of certain facts." Mr. Sevy raised these issues, however, in his previous pleadings and briefs.[4] As the Ninth Circuit Court of Appeals explained, reconsideration should not be granted based on arguments that already have been raised and rejected. *Fuller,* 950 F.2d at 1442.

### III. CONCLUSION

For all of the reasons set forth in this opposition, Judge Burbank respectfully requests that the Court deny Mr. Sevy's motion and affirm its dismissal of this lawsuit.

DATED: December 14, 2005.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: /s/ Brenda B. Page
Brenda B. Page
Assistant Attorney General
Alaska Bar No. 0303007

### CERTIFICATE OF SERVICE

This is to certify that on December 14, 2005, a true and correct copy of the **OPPOSITION TO "PLAINTIFF'S MOTION FOR FINDING OF FACT AND CONCLUSIONS OF LAW"** and **ORDER** in this proceeding was served by first class U.S. Mail on the following:

Albert Sevy c/o
3156 Brookview Lane
North Pole, AK 99705

Alaska Law Offices, and
Steven L. Jones
921 West Sixth Avenue, Suite 200
Anchorage, AK 99501

Universal Bank NA
Address Unknown
Pursuant to Federal Rule of Civil Procedure 5(b)(2)(C),
a copy will be filed with the Clerk of Court for service purposes.

_____
Signature

---

[4] Although Mr. Sevy suggested in his "Conclusions of Law" section that the opposing parties "entered no objection to the adjudicative facts," such a suggestion is inaccurate. Judge Burbank addressed this issue in his Motion to Dismiss, noting that Mr. Sevy's request for judicial notice did not comply with the federal rules of evidence and judicial notice was not appropriate.

Opposition to Plaintiff's Motion                                                                 5
*Albert Sevy v. Universal Bank NA, Alaska Law Offices,*
*Steven L. Jones, Winston S. Burbank,* F05-0008 CIV (RRB)

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100