IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

FILED
DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 15 PM 1:34

| | |
|---|---|
| ALBERT DEWEY SEVY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSAL BANK, NA a/k/a )<br>CITIBANK (SOUTH DAKOTA) NA, )<br>ALASKA LAW OFFICES, INC. )<br>STEVEN L. JONES, and )<br>WINSTON S. BURBANK )<br>)<br>Defendant. )<br>) | Civil No. F05-0008 CIV (RRB) |

ALASKA LAW OFFICES, INC.
921 West Sixth Avenue, Suite 200, Anchorage, Alaska 99501
Phone (907)277-5000 Facsimile (907)277-6108

### RESPONSE TO PLAINTIFF'S REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

Alaska Law Offices, Inc., Steven L. Jones files this response to the Plaintiff's request for Findings of Fact and Conclusions of Law which is being treated as a motion for reconsideration by the court and would show the court that the motion is meritless and should be DENIED.

Motions for reconsideration are made pursuant to Fed. R. Civ. P. 60 and U.S. District Court Alaska Local Rule 7.1.(I). "On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1)  Mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 56(b);

(3)  fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6)  any other reason justifying relief from the operation of the judgment.

Response to Plaintiffs Request for Findings of Fact and Conclusions of Law                                    Page 1
Sevy v. Universal Bank, NA, et al Civil No. F05-0008 CIV.
December 14, 2005

ALASKA LAW OFFICES, INC.
921 West Sixth Avenue, Suite 200, Anchorage, Alaska 99501
Phone (907)277-5000 Facsimile (907)277-6108

The court's order to dismiss the matter pursuant to Fed. R. Civ. P. 12(b) is a final order. The defendant has failed to base his motion on any of the foregoing basis which might allow review.

Plaintiff has requested the court to make findings and conclusions. Findings of Fact and Conclusions of Law are provided by Fed. R. Civ. P. 52. This rule is found in Section VI of the Federal Rules of Civil Procedure and are applicable to trials. In contrast, this matter was not tried because the matter was resolved through a Motion to Dismiss under Fed. R. Civ. P. 12. Accordingly, there is no basis for the Plaintiff to request, or the court to provide, findings and conclusions.

The Plaintiff then lists five separate bases for asserted error in this case. Defendants will address each of the five asserted errors separately and explain why they do not require a change in the courts final order.

Plaintiff first complains that:

> "where the court is on notice of certain adjudicative facts and the opposing party has entered no objection to the adjudicative facts, that the court has a non-discretionary duty to conduct a jury trial and instruct the jury that the jury shall regard the factual contentions of judicial notice as conclusive."

The plaintiff cites FRCP 201(4) as the basis for the legal assertion. The factual basis for the allegation presumably arises from the document he filed on August 9, 2005 entitled Mandatory Judicial Notice. There is no FRCP 201(4), there is a FRCP 204(d). That section simply states that "a court shall take judicial notice if requested by a party and supplied with the necessary information." However, the rule only governs adjudicative facts. FRCP 201(a). Furthermore the rule requires that the notice must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FRCP 201(b). The biggest problem with Plaintiff's document is that it fails to identify any adjudicative facts not reasonably subject to dispute that are generally known in the jurisdiction or are capable of accurate or ready determination by resort to sources whose accuracy cannot reasonably be questioned. Just because the plaintiff calls them facts doesn't make them so and the court need not accept them as such.

Response to Plaintiffs Request for Findings of Fact and Conclusions of Law                                  Page 2
Sevy v. Universal Bank, NA, et al Civil No. F05-0008 CIV.
December 14, 2005

The Plaintiff complains that judges are not immune from civil or criminal damages for proceeding according to private prior agreements and uses their judicial position for purposes of fraud and extortion. This while possibly being a correct statement of law does not help the Plaintiff in this case. This allegation is only generally made, just as in the prior pleadings. However, the claim asserted is a fraud claim. As such the defendant was obligated to plead the claim with particularity. Rather than plead his case with particularity he merely copied pleadings verbatim filed by other claimants from other jurisdictions whose claims were dismissed for failure to state a claim. Furthermore, fraud requires a number of elements for which no allegations have ever been made in this case. That is a primary reason the case was dismissed in the first place.

The Plaintiff asserts that this court has jurisdiction to review state court judges actions in issuing judgments through fraud or contravention of due process. This is a recognized exception to the Rooker Feldman doctrine of federal court abstention of reviewing state court actions. However, it is incumbent on the Plaintiff to establish the fraud or basis for contravention of due process with particularity. In this case the defendant failed to establish all the elements of fraud with any particularity. Furthermore, the defendant who was noticed, served and present at multiple hearings has never identified any lack of notice or opportunity to be heard in the underlying case. Accordingly, there has been no adequate allegations of any contravention of due process in this matter. The dismissal should stand.

Plaintiff then cites a 1972 prisoner case where a 12(b)(6) motion was overruled by the US Supreme Court for the proposition that pro se litigants are entitled to trials. *Haines v. Kerner* 404 U.S. 519 (1972). The plaintiff overstates the holding in that case and its applicability to the present case. Prisoners, due to their confinement and lack of access to resources or opportunity for access to counsel are afforded more leniency in procedural issues than other litigants. The court in that case was moved by the fact of allegations that specific deprivations in the prisoners treatment were in fact actionable. *Haines* has been distinguished 26 times since it was issued. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 S. Ct. 1980, 124 L. Ed. 2d 21, 1993 U.S. LEXIS 3166, 61 U.S.L.W. 4468, 7 FLA. L. WEEKLY FED. S 293, 93 CAL. DAILY OP. SERVICE 3581, 93 D.A.R. 6181 (1993) (affirming 12(b) motion to dismiss).

Response to Plaintiff's Request for Findings of Fact and Conclusions of Law                Page 3
Sevy v. Universal Bank, NA, et al Civil No. F05-0008 CIV.
December 14, 2005

ALASKA LAW OFFICES, INC.
921 West Sixth Avenue, Suite 200, Anchorage, Alaska 99501
Phone (907)277-5000 Facsimile (907)277-6108

We were unable to identify a single non-prisoner related case to which the *Haines v. Kerner* decision has ever been applied.

Indeed the court has precedent from multiple sister courts dismissing the same complaint by pro-se litigants in other jurisdictions.

The Plaintiff then wants to know why the Judge's failure to answer his questions does not render the judges prior order of October 24, 2005 a violation of 18 U.S.C. 1001 and 1503. 18 U.S.C. 1001 concerns making false claims against the U.S. government and provides the U.S. Government a basis to recover from the perpetrator. 18 U.S.C. 1503 concerns attempting to injure or influence an official or juror. These two statutes do not provide any basis for a private right of action by a disgruntled litigant because he disliked the judge's decision. Accordingly, dismissal should stand.

For the foregoing reasons the defendant's motion should be DENIED.

DATED at Anchorage, Alaska on this _14th_ day of December 2005.

ALASKA LAW OFFICES, INC.

Steven L Jones    9311102
Clayton Walker, Jr    0001002

ALASKA LAW OFFICES, INC.
921 West Sixth Avenue, Suite 200, Anchorage, Alaska 99501
Phone (907)277-5000 Facsimile (907)277-6108

Response to Plaintiffs Request for Findings of Fact and Conclusions of Law    Page 4
Sevy v. Universal Bank, NA, et al Civil No. F05-0008 CIV.
December 14, 2005